# EXHIBIT B

# PROMISSORY NOTE

$1,350,000.00

Seattle, Washington
February 10, 2017

1. Promise to pay. For value received, Commodity Properties LLC, a Washington limited liability company ("the Maker"), promises to pay Efaw/Holgate Square LLC, a Washington limited liability company ("Lender"), or order, at745 Bellevue Avenue East, #402, Seattle, WA 98102, or at such other place as Lender from time to time may designate in writing, the principal sum of One Million Three Hundred Fifty Thousand and 00/100 Dollars ($1,350,000.00), with interest on the diminishing principal balance at the rate of three and one-half percent (3.5%) per annum from February 10, 2017 until maturity (unless the default interest rate applies, as described below.

2. Monthly payments. Maker agrees to make monthly payments of $6,062.10 per month, beginning on April 1, 2017, and continuing on the 1st day of each month thereafter until this Note is paid in full.

3. Final payment. The entire unpaid principal balance, all accrued interest, costs and fees, and all late fees, shall be due and payable on the earlier of (a) February 1, 2027 [the "Maturity Date"], or (b) Maker's transfer or sale of any interest in the real property located at 1770 Airport Way S., Seattle WA 98134,unless Maker has obtained Lender's prior written consent to the transfer or sale as provided in the deed of trust securing this note.

4. Maker's right to prepay. The principal balance may be prepaid in whole or in part at any time without penalty. A partial prepayment shall not change the amount of the monthly payment nor the date on which monthly payments are due, unless Lender agrees in writing to these changes.

5. Late charge. If Lender has not received the full amount of any monthly installment within five (5) calendar days after it is due, Maker shall pay a late charge of One Hundred Fifty and 00/100 Dollars ($150.00). The late charge shall added to the principal balance then-due on the Note.

6. Application of payments. Payments shall be applied first to all the costs and expenses incurred by Lender in connection with making and administering the loan from Lender to Maker, then to any late charges, then to accrued interest, and the remainder to principal.

7. Events of default; acceleration; remedies. Maker is in default if:

(a) Maker does not pay the full amount of each installment within five (5) days of the date it is due;

(b) Maker does not pay the Note in full by the Maturity Date;

(c) Maker breaches any covenant in this Note or the Deed of Trust; or

{19811/001/01309934-3}  Page 1 of 4

(d) Any representation or warranty made by Maker in this Note or the Deed of Trust is incorrect when made in any material respect;

(e) Any lawsuit to quiet title in any property securing this Note is filed against Maker;

(f) Maker attempts to delegate Maker's duties under this Note to another person or entity, which delegation is void if done without Lender's written authorization;

(g) Maker dies, dissolves or terminates Maker's existence as a going business;

(h) Maker files a voluntary bankruptcy petition;

(i) An involuntary bankruptcy petition is filed against Maker, which petition is not dismissed within thirty (30) days of its filing; or

(j) A receiver, trustee, custodian, or similar official is appointed over Maker or takes possession/control of Maker's assets.

If an event of default occurs, then, without prior notice, the entire indebtedness evidenced by this Note shall become immediately due and payable.

Upon such default, Lender may exercise Lender's remedies to accelerate the unpaid balance on this Note and/or to foreclose on the property securing repayment of this Note, and to otherwise exercise all of Lender's remedies under law and equity. All of Lender's remedies shall be cumulative, not exclusive.

8. Default interest. As long as this Note is in default, then, without prior notice, this Note shall bear interest at the rate of eighteen percent (18%) per annum.

9. Non-waiver by lender. Should Maker be in default, and Lender choose not to accelerate the Note, that choice does not waive Lender's right to accelerate the payment of the Note should Maker be in default at another time. Similarly, Lender may, without notice and without releasing Maker's liability under this Note, grant extensions or renewals from time to time and from any term or terms, add or release one or more parties to this Note, acquire additional security, or release any security in whole or in part. Lender shall not be liable for or prejudiced by failure to collect or for lack of diligence in bringing suit on this Note or any renewal or extension of this Note.

10. Costs and attorney fees. If after an event of default suit is brought on this Note, or if it is placed in the hands of an attorney for collection (with or without filing suit), Maker promises and agrees to pay all costs of collection, including attorneys' fees and paralegals' fees incurred, expert witness fees, and litigation costs (whether or not taxable costs), whether said fees and costs are incurred prior to a suit being filed, prior to or during trial, during appeal of any trial, or during collection of any judgment entered on this Note. All such fees shall be added to the balance due under the Note and shall bear interest at the default rate.

{19811/001/01309934-3}          Page 2 of 4

11. Advances paid by lender. If Lender advances any amounts for taxes, insurance, or any other public rates and assessments pursuant to the terms of the Deed of Trust, and if Maker does not reimburse Lender for those amounts within fifteen (15) days of written notice of the advance, then those advances shall be added to the principal owing under the Note and shall bear interest compounded monthly at the Note rate.

12. Presentment and dishonor. Presentment, notice of dishonor, and protest are waived by all makers, sureties, guarantors and endorsers of this Note. This Note shall be the joint and several obligation of all makers, sureties, guarantors and endorsers, and shall be binding upon them and their successors and assigns.

13. Purpose of loan. Maker represents and warrants to Lender that the proceeds of this Note shall be used by Maker exclusively for commercial and business purposes; specifically, the loan proceeds will be used to purchase commercial real property.

14. Authority. Maker has the requisite power and authority to enter into, issue and perform this Note and the Deed of Trust.

15. Governing law. This Note shall be construed according to the laws of the State of Washington.

16. Venue. In the event of a dispute under this Note, Maker agrees upon Lender's request that venue is proper in and shall be the courts of King County, Washington.

17. Security. This Note is secured by a Deed of Trust of even date. If Maker defaults in Maker's obligations under this Note or the Deed of Trust, Lender may foreclose on Lender's security or pursue any other remedy to which Lender is entitled in law or in equity.

18. Time of the essence. Time is of the essence under this Note and the Deed of Trust.

19. Notices. All notices required by this Note shall be personally delivered or mailed by first class mail to Maker at the address given below, or to a different address if Lender is notified in advance in writing.

20. Modifications .This Note may only be modified in a writing signed by both Maker and Lender.

21. Successors and assigns. This Note shall bind Maker and Maker's successors and assigns. The rights under and benefits of this Note shall inure to Lender and Lender's successors and assigns.

22. Oral agreements. **ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FOREBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW. RCW 19.36**

IN WITNESS WHEREOF, Maker has executed this Note on the day and year first above written.

**MAKER:**

Commodity Properties LLC,
a Washington limited liability company

By: _____
     Solomon Simone

Its: _____CEO/Managing member_____

**MAKER'S ADDRESS:**
1770 Airport Way S.
Seattle, WA 98134

Case 23-11190-MLB   Doc 7-3   Filed 08/02/23   Ent. 08/02/23 13:36:57   Pg. 5 of 5