# EXHIBIT C



CHICAGO TITLE INS. CO
REF# 87430-06

AFTER RECORDING RETURN TO:
G. Michael Zeno, Jr.
Zeno Bakalian P.S.
4030 Lake Washington Blvd. NE, Suite 100
Kirkland WA 98033



**20170214000526**
CHICAGO TITLE   DT        162.00
PAGE-001 OF 016
02/14/2017 11:27
KING COUNTY, WA

### WASHINGTON STATE COUNTY AUDITOR'S/RECORDER'S INFORMATION
(RCW 65.04):

| | |
|---|---|
| **INSTRUMENT TITLE:** | Deed of Trust, Security Agreement and Fixture Filing |
| **GRANTOR:** | Commodity Properties LLC |
| **GRANTEE:** | Efaw/Holgate Square LLC, a Washington limited liability company |
| **LEGAL DESCRIPTION** | |
| **ABBREVIATED:** | (commonly known as 1770 Airport Way S., Seattle WA 98134) |
| **FULL LEGAL:** | PARCEL D, CITY OF SEATTLE LOT LINE ADJUSTMENT NO. 3006266, RECORDED NOVEMBER 26, 2007 UNDER RECORDING NO. 20071126900011, IN KING COUNTY, WASHINGTON. |

**ASSESSOR'S PROPERTY TAX PARCEL ACCOUNT NUMBER(S): 766620-2865-06**

{19811/001/01309932-3}    DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING
PAGE 1

Case 23-11190-MLB    Doc 7-4    Filed 08/02/23    Ent. 08/02/23 13:36:57    Pg. 2 of 17

## DEED OF TRUST, SECURITY AGREEMENT, AND FIXTURE FILING

THIS DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING ("Deed of Trust") is made as of February 10, 2017 by Commodity Properties LLC, a Washington limited liability company ("Grantor"), whose address is 1770 Airport Way S., Seattle WA 98134; to Chicago Title Company ("Trustee"), whose address is 701 5th Ave, Suite 2700, Seattle, WA 98104; for the benefit of Efaw/Holgate Square LLC, a Washington limited liability company("Beneficiary"), whose address is 745 Bellevue Avenue East, #402, Seattle, WA 98102.

ARTICLE 1.

1. Granting Clause. Grantor irrevocably grants, bargains, sells and conveys to Trustee and its successors and assigns in trust, with power of sale and with right of entry and possession as provided herein, all Grantor's estate, right, title, interest, claim and demand, now owned or hereafter acquired, in and to the following (the "Property"):

(a) The real property in King County, Washington, described in Schedule A attached and any and all improvements now or hereafter located thereon (the "Real Property").

(b) All land lying in streets and roads adjoining the Real Property, and all access rights and easements pertaining to the Real Property.

(c) All the lands, tenements, privileges, reversions, remainders, irrigation and water rights and stock, oil and gas rights, royalties, minerals and mineral rights, all development rights and credits, air rights, hereditaments and appurtenances belonging or in any way pertaining to the Real Property.

(d) All buildings, structures, improvements, fixtures, equipment and machinery and property now or hereafter attached to or used in connection with the use, occupancy or operation of the Real Property including, but not limited to, heating and incinerating apparatus and equipment, boilers, engines, motors, generating equipment, telephone and other communication systems, piping and plumbing fixtures, ranges, cooking apparatus and mechanical kitchen equipment, refrigerators, cooling, ventilating, sprinkling and vacuum cleaning systems, fire extinguishing apparatus, gas and electric fixtures, irrigation equipment, carpeting, underpadding, elevators, escalators, partitions, mantles, built-in mirrors, window shades, blinds, screens, storm sash, awnings, furnishings of public spaces, halls and lobbies, and shrubbery and plants. All property mentioned in this subsection (d) shall be deemed part of the realty and not severable wholly or in part without material injury to the Real Property.

(e) All rents, issues and profits of the Real Property, all existing and future leases of the Real Property (including extensions, renewals and subleases), all agreements for use and occupancy of the Real Property (all such leases and agreements whether written or oral, are hereafter referred to as the "Leases"), and all guaranties of lessees' performance under the Leases, together with the immediate and continuing right to collect and receive all of the rents, income, receipts, revenues, issues, profits and other income of any nature now or hereafter due (including any income of any nature coming due during any redemption period) under the Leases or from or arising out of the Real Property including minimum rents, additional rents, percentage rents, parking or common area maintenance contributions, tax and insurance contributions, deficiency rents, liquidated damages following default in any Lease, all proceeds payable under any policy of insurance covering loss of rents resulting from untenantability caused by destruction or damage to the Real Property, all proceeds payable as a result of exercise of an option to purchase the Real Property, all proceeds derived from the termination or rejection of any Lease in a bankruptcy or other insolvency proceeding, all security deposits or other deposits for the performance of any lessee's obligations under the Leases, and all proceeds from any rights and claims of any kind which Grantor may have against any lessee under the Leases or any occupants of the Real Property (all of the above are hereafter collectively referred to as the "Rents"). This subsection (e) is subject to the right, power and authority given to the Beneficiary in the Loan Documents (as defined herein) to collect and apply the Rents.

(f) All of Grantor's rights to further encumber said Real Property for debt and all Grantor's rights to enter into any lease agreement which would create a tenancy that is or may become subordinate in any respect to any mortgage or deed of trust other than this Deed of Trust.

{19811/001/01309932-3}      DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING
PAGE 2

Case 23-11190-MLB    Doc 7-4    Filed 08/02/23    Ent. 08/02/23 13:36:57    Pg. 3 of 17

2. <u>Collateral</u>. The following described estate, property and rights of Grantor are also included as security for the performance of each covenant and agreement of Grantor contained herein and the payment of all sums of money secured hereby:

(a) All furniture, furnishings, appliances, machinery, vehicles, equipment and all other property of any kind now or hereafter located on the Property, used or intended to be used on the Property wherever actually located, or purchased with the proceeds of the Note (as defined herein), and all rights of Grantor as lessor of any property described in this <u>Section 2</u> and <u>Section 1(d)</u> above.

(b) All compensation, awards, damages, rights of action and proceeds (including insurance proceeds and any interest on any of the foregoing) arising out of or relating to a taking or damaging of the Property by reason of any public or private improvement, condemnation proceeding (including change of grade), fire, earthquake or other casualty, injury or decrease in the value of the Property.

(c) All returned premiums or other payments on any insurance policies pertaining to the Property and any refunds or rebates of taxes or assessments on the Property.

(d) All rights to the payment of money, accounts receivable, deferred payments, refunds, cost savings, payments and deposits, whether now or later to be received from third parties (including without limitation all utility deposits); all deposit accounts whether maintained with Beneficiary or with any third party financial institution; all architectural and engineering plans, specifications and drawings, contract rights, governmental permits and licenses, and agreements and purchase orders which pertain to or are incidental to the design or renovation of any improvements on the Property; Grantor's rights under any payment, performance, or other bond whether pertaining to the renovation of improvements on the Property, any disputed taxes or liens on the Property or any other matter; and all renovation materials, supplies, and equipment delivered to the Property or intended to be used in connection with the renovation of improvements on the Property wherever actually located.

(e) All contracts and agreements pertaining to or affecting the Property including, but not limited to, management, operating and franchise agreements, licenses, trade names and trademarks.

(f) All of Grantor's interest in and to the proceeds of the loan (the "<u>Loan</u>") evidenced by the Note (defined below), whether disbursed or not, any account into which Loan proceeds are deposited, and Grantor's own funds now or later held on deposit as equity funds or for payment of bills relating to the Property.

(g) All loan commitments or other agreements, now or hereafter in existence, which will provide Grantor with proceeds to satisfy the Secured Obligations (defined below) and the right to receive the proceeds due under such commitments or agreements including refundable deposits and fees.

(h) All books and records pertaining to any and all of the Property and the other collateral described above, including computer readable memory and any computer hardware or software necessary to access and process such memory.

(i) All additions, accessions, replacements, substitutions, proceeds and products of the Property described in this Section 2 and of any of the Property which is personal property.

The Property and all of the property and rights described in Sections 1 and 2 above are referred to collectively in this Deed of Trust as the "<u>Collateral</u>".

3. <u>Security Agreement</u>. If any of the Collateral is determined to be personal property, Grantor as Debtor hereby grants to Beneficiary as Secured Party a security interest in all such personal property to secure payment and performance of the Secured Obligations. This Deed of Trust constitutes a security agreement between Grantor and Beneficiary pursuant to the Uniform Commercial Code as adopted in the State of Washington, as now or hereafter amended, with respect to the Collateral, and any and all property affecting or related to the use and enjoyment of the Property, now or hereafter described in any Uniform Commercial Code Financing Statement naming Grantor as Debtor and Beneficiary as Secured Party. The remedies of Beneficiary for any violation of the covenants, terms and conditions of this Deed of Trust or any other Loan Document (defined below) shall include all remedies available to secured parties under the Uniform Commercial Code. Grantor agrees the filing of a financing statement in the records normally

{19811/001/01309932-3}     DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING
PAGE 3

having to do with personal property shall not be construed as in anywise derogating from or impairing the intention of Grantor and Beneficiary that everything used in connection with the production of income from the Property that is the subject of this Deed of Trust and/or adapted for use therein and/or which is described or reflected in this Deed of Trust is, and at all times and for all purposes and in all proceedings both legal or equitable shall be, regarded as part of the real estate irrespective of whether (i) any such item is physically attached to the improvements, (ii) serial numbers are used for the better identification of certain equipment items capable of being thus identified in any list filed with the Beneficiary, or (iii) any such item is referred to or reflected in any such financing statement so filed at any time.

4. Financing Statement. This Deed of Trust also constitutes a fixture filing financing statement pursuant to the Uniform Commercial Code of the State of Washington, filed in the real property records pursuant to RCW 62A.9A-502. The Grantor is the Debtor, the Beneficiary is the Secured Party, and their respective addresses for the purpose of this fixture filing and the giving of any notice under or in connection with this Deed of Trust is as first stated above. The mailing address of the Beneficiary is as shown at the top of this Deed of Trust. This fixture financing statement covers items of property which are or are to become fixtures with respect to the real property described in Schedule A hereto.

5. Obligations Secured. The following obligations ("Secured Obligations") are secured by this Deed of Trust:

(a) Payment of the sum of $1,350,000.00 with interest thereon according to the terms of a promissory note of even date herewith, payable to Beneficiary or order and made by Grantor, including all renewals, amendments, modifications, extensions and substitutions therefor (the "Note"). THE NOTE MAY CONTAIN PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE.

(b) Payment of any further sums now or hereafter advanced or loaned by Beneficiary to Grantor, or any of its successors or assigns, and payment of every other present and future obligation owing by Grantor to Beneficiary of any kind, and all renewals, modifications, and extensions thereof, including any interest, fees, costs, service charges, indemnifications and expenses connected with such obligations, if (i) the promissory note or other written document evidencing the future advance or loan or other obligation specifically states that it is secured by this Deed of Trust, or (ii) the advance, including costs and expenses incurred by Beneficiary, is made pursuant to the Note, this Deed of Trust or any other documents executed by Grantor evidencing, securing, or relating to the Loan, and/or the Collateral, whether executed prior to, contemporaneously with, or subsequent to this Deed of Trust (this Deed of Trust, the Note and all such other documents, including any loan agreement, and all renewals, amendments, modifications or extensions thereof, are hereafter collectively referred to as the "Loan Documents"), together with interest thereon at the rate set forth in the Note, unless otherwise specified in the Loan Documents or agreed in writing.

(c) Performance of each agreement, term and condition set forth or incorporated by reference in the Loan Documents, as such may be amended; provided, however, the Secured Obligations shall not include the obligations under any guaranty now or hereafter executed by any guarantor in connection with the loan evidenced by the Note.

## ARTICLE II.

1. Non-agricultural commercial use. Grantor represents and warrants to Beneficiary that THE REAL PROPERTY CONVEYED BY THIS DEED OF TRUST IS NOT USED PRINCIPALLY FOR AGRICULTURAL PURPOSES. Furthermore, Grantor represents and warrants to Beneficiary that the Loan is a commercial loan and that the proceeds will not be used for any personal, family or household purposes.

2. Performance of obligations. Grantor shall promptly and timely pay all sums due pursuant to the Loan Documents, strictly comply with all the terms and conditions of the Loan Documents, and perform each Secured Obligation in accordance with its terms.

3. Warranty of title. Grantor warrants that it has good and marketable title to an indefeasible fee

{19811/001/01309932-3}     DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING
PAGE 4

simple estate in the portion of the Property described in section 1(a) or Article I (unless Grantor's present interest in the Property is described in <u>Schedule A</u> as a leasehold interest, in which case Grantor warrants that it lawfully possesses and holds a valid leasehold interest in the Property as described in <u>Schedule A</u>), and good marketable title to the personal property Collateral, subject to no liens, encumbrances, easements, assessments, security interests, claims or defects of any kind prior or subordinate to the lien of this Deed of Trust, except those listed in Beneficiary's title insurance policy or approved by Beneficiary in writing (the "<u>Exceptions</u>") and real estate taxes and assessments for the current year. Grantor warrants the Exceptions and the real estate taxes and assessments are not delinquent or in default, and Grantor has the right to convey the Property to Trustee for the benefit of Beneficiary, and the right to grant a security interest in the personal property Collateral. Grantor will warrant and defend title to the Collateral and will defend the validity and priority of the lien of this Deed of Trust and the security interests granted herein against any claims or demands.

4.  <u>Prohibited liens.</u>

(a)  Subject to subsection (b) below, Grantor shall not permit any governmental or statutory liens (including taxes, mechanic's or materialmen's liens) to be filed against the Collateral except for real estate taxes and assessments not yet due and liens permitted by the Loan Documents or approved by Beneficiary in writing.

(b)  The filing of a lien against the Collateral will not be considered a default by Grantor so long as (i) Grantor immediately commences its contest of such lien, encumbrance or charge, applies to court for a show cause as provided for in RCW 60.04.081 and/or 60.04.221(9), as now or hereafter amended, and continuously pursues the contest in good faith and with due diligence; and (ii) Grantor pays any judgment rendered for the lien claimant or other third party within 30 days after the entry of the judgment. If the contested item is a mechanic's or materialmen's lien, Grantor will furnish Beneficiary with an endorsement to its title insurance policy which insures the priority of this Deed of Trust over the lien being contested. Grantor will discharge or elect to contest within 30 days of written demand by Beneficiary.

5.  <u>Payment of taxes and other encumbrances.</u> Grantor shall pay the real estate taxes and any assessments or ground rents at least 10 days prior to delinquency unless otherwise provided for in the reserve account described in Section 15 below. All other encumbrances, charges and liens affecting the Collateral, including mortgages and deeds of trust, whether prior to or subordinate to the lien of this Deed of Trust, shall be paid when due and shall not be in default. On request Grantor shall furnish evidence of payment of these items.

6.  <u>Maintenance--no waste.</u> Grantor shall protect and preserve the Collateral and maintain it in good condition and repair. Grantor shall do all acts and take all precautions which, from the character and use of the Collateral, are reasonable, proper or necessary to so maintain, protect and preserve the Collateral. Grantor shall not commit or permit any waste of the Collateral. Failure to protect and preserve the Collateral and maintain the same in good condition and repair shall constitute "waste" by the Grantor as that term is used in R.C.W. 61.24.100.

7.  <u>Alterations, removal and demolition.</u> Unless otherwise agreed in writing by Beneficiary, Grantor shall not structurally alter, remove or demolish any building or improvement on the Property without Beneficiary's prior written consent. Grantor shall not remove any fixture or other item of property which is part of the Collateral without Beneficiary's prior written consent unless the fixture or item of property is replaced by an article of equal suitability, owned by Grantor free and clear of any lien or security interest.

8.  <u>Completion, repair and restoration.</u> Grantor shall promptly repair and restore in good workmanlike manner any building or improvement on the Property which may be damaged or destroyed and shall pay all costs incurred therefor. Prior to commencement of any renovation, repair or restoration costing in excess of $50,000, Grantor shall submit the plans and specifications for Beneficiary's approval and furnish evidence of sufficient funds to complete the work.

9.  <u>Compliance with laws.</u> Grantor shall comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the Collateral, including, without limitation, all applicable requirements of the Fair Housing Act of 1968 (as amended) and the Americans With

{19811/001/01309932-3}      DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING
PAGE 5

Disabilities Act of 1990 (as the same may be amended from time to time), and shall not commit or permit any act upon or concerning the Collateral in violation of any such laws, ordinances, regulations, covenants, conditions, and restrictions. Grantor shall defend, indemnify and hold Beneficiary harmless from and against all liability threatened against or suffered by Beneficiary by reason of a breach by Grantor of the foregoing representations, warranties, covenants and agreements. The foregoing indemnity shall include the cost of all alterations to the Collateral (including architectural, engineering, legal and accounting costs), all fines, fees and penalties, and all legal and other expenses (including attorneys' fees) incurred in connection with the Property being in violation of any such laws, ordinances, regulations, covenants, conditions and restrictions. If Beneficiary or its designee shall become the owner of or acquire an interest in or rights to the Collateral by foreclosure or deed in lieu of foreclosure of this Deed of Trust or by other means, the foregoing indemnification obligation shall survive such foreclosure or deed in lieu of foreclosure or other acquisition of the Collateral. Notwithstanding the preceding sentence, Grantor shall have no obligation to defend, indemnify or hold Beneficiary harmless from any liability arising from or out of the activities of Beneficiary or its agents with respect to the Collateral on or after the transfer of the Collateral to Beneficiary pursuant to foreclosure proceedings or in lieu thereof.

10. Impairment of collateral. Grantor shall not, without Beneficiary's prior written consent, change the intended use of the Property, change the general nature of the occupancy of the Property, initiate, acquire or permit any change in any public or private restrictions (including without limitation a zoning reclassification) limiting the uses which may be made of the Collateral, or take or permit any action which would impair the Collateral or Beneficiary's lien or security interest in the Collateral.

11. Inspection of collateral. Beneficiary and/or its representatives may enter on to and inspect the Collateral (including taking and removing soil, groundwater and other samples) at reasonable times after reasonable notice. If any of the Collateral is in the possession of a third party, Grantor authorizes the third party to permit Beneficiary and/or its representatives to have access to and perform inspections of the Collateral and to respond fully and freely to Beneficiary's and/or its representatives requests for information concerning the Collateral. Grantor agrees that Beneficiary neither has nor undertakes any duty or obligation to examine or inspect the Collateral or any records, books or papers relating thereto. In the event that Beneficiary inspects the Collateral or examines, audits or copies any records, books or papers relating thereto, the Beneficiary will be acting solely for the purposes of protecting the Beneficiary's security and Beneficiary's rights under this Deed of Trust and the other Loan Documents. Neither the Grantor nor any other party is entitled to rely on any inspection or other inquiry by Beneficiary and/or its representatives. Neither Beneficiary nor its representatives owes a duty of care to protect the Grantor or any other party against, or to inform the Grantor or any other party of, any adverse condition that may be observed or discovered as affecting the Collateral or the Grantor's or such third party's business. If Beneficiary and/or its representatives believes it has a duty or obligation to disclose any report or findings made as a result of, or in connection with any inspection of the Collateral, then Beneficiary and/or its representative may make such disclosure. Any failure by Grantor or a third party to permit Beneficiary to exercise its rights herein, following five business days written demand from Beneficiary, shall entitle Beneficiary without further notice to Grantor to make ex parte application to the court of applicable jurisdiction where the Collateral Beneficiary seeks to inspect is located for immediate issuance of any order, without bond, granting specific performance of Beneficiary's rights to enter on and inspect the Collateral.

12. Grantor's defense of collateral. Grantor shall appear in and defend any action or proceeding which may affect the Collateral or the rights or powers of Beneficiary or Trustee under this Deed of Trust.

13. Beneficiary's right to protect collateral. Beneficiary may commence, appear in, and defend any action or proceeding which may affect the Collateral or the rights or powers of Beneficiary or Trustee under this Deed of Trust. Beneficiary may pay, purchase, contest or compromise any encumbrance, charge or lien not listed as an Exception which in its judgment appears to be prior or superior to the lien of this Deed of Trust. If Grantor fails to make any payment or do any act required under the Loan Documents, Beneficiary, without any obligation to do so and without releasing Grantor from any obligations under the Loan Documents, may make the payment or cause the act to be performed in such manner and to such extent as Beneficiary may deem necessary to protect the Collateral. Beneficiary is authorized to enter upon the Property for such purposes. In exercising any of these powers Beneficiary may incur such expenses, in its absolute discretion, it deems necessary.

14. Hazardous substances.

{19811/001/01309932-3}      DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING
PAGE 6

Case 23-11190-MLB    Doc 7-4    Filed 08/02/23    Ent. 08/02/23 13:36:57    Pg. 7 of 17

(a) Grantor represents and warrants to Beneficiary that no hazardous or toxic waste or substances are being stored on the Property or, to the best of Grantor's knowledge, on any adjacent property nor, to the best of Grantor's knowledge, have any such waste or substances been stored or used in, on, under, over or about the Property or any adjacent property prior to or during Grantor's ownership, possession or control of the Property, other than the use or storage of hazardous or toxic waste or substances generally used in the ordinary course of operating, maintaining or developing properties such as the Property, all of which Grantor covenants have and will be used, stored and disposed of in accordance with commercially reasonable practices and all applicable federal, state and local laws, regulations and ordinances. Grantor shall provide written notice to Beneficiary immediately upon Grantor becoming aware that the Property or any adjacent property is being or has been contaminated with hazardous or toxic waste or substances. Grantor will not cause nor permit any activities on the Property which directly or indirectly could result in the Property or any other property becoming contaminated with hazardous or toxic waste or substances. For purposes of this Deed of Trust, the term "hazardous or toxic waste or substances" means any chemical, substance or material classified or designated as hazardous, toxic or radioactive, or similar term, and now or hereafter regulated under any applicable federal, state or local statute, regulation, ordinance or requirement, now or hereafter in effect, pertaining to environmental protection, contamination or cleanup.

(b) Grantor shall comply, at Grantor's expense, with all statutes, regulations and ordinances which apply to Grantor or the Collateral, and with all orders, decrees or judgments of governmental authorities or courts having jurisdiction which Grantor is bound by, relating to the use, collection storage, treatment, control, removal or cleanup of hazardous or toxic substances in, on, under, over or about the Property or in, on, under, over or about any adjacent property that becomes contaminated with hazardous or toxic substances as a result of renovation, repair, restoration, operations or other activities on, or the contamination of, the Property. Beneficiary may, but is not obligated to, enter upon the Property to inspect it for compliance and to take such actions and incur such costs and expenses to effect such compliance as it deems advisable to protect its interest as Beneficiary; and whether or not Grantor has actual knowledge of the existence of hazardous or toxic substances in, on, under, over or about the Property or any adjacent property as of the date hereof, Grantor shall reimburse Beneficiary on demand for the full amount of all costs and expenses incurred by Beneficiary prior to Beneficiary acquiring title to the Property through foreclosure or deed in lieu of foreclosure, in connection with such compliance activities.

(c) Grantor's obligations under this Section 14 are unconditional and shall not be limited by a non-recourse or other limitations of liability provided for in this Deed of Trust or any other Loan Document.

15. Reserve account.

(a) Subject to subsection (d) below, if Beneficiary so requires, Grantor shall pay to Beneficiary monthly, together with and in addition to any payments due under the Note, a sum, as estimated by Beneficiary, equal to the ground rents, if any, the real estate taxes and assessments next due on the Property and the premiums next due on insurance policies required under the Loan Documents, less all sums already paid therefor, divided by the number of months to elapse before two (2) months prior to the date when the ground rents, real estate taxes, assessments and insurance premiums will become delinquent. The monthly reserve accounts payments and any other payments due under the Note shall be paid in a single payment and applied by Beneficiary, at its option, in the following order: (1) ground rents, real estate taxes, assessments and insurance premiums, (2) expenditures made pursuant to the Loan Documents and interest thereon, (3) interest on the Note, and (4) principal due on the Note. Grantor shall promptly deliver to Beneficiary all bills and notices pertaining to the ground rents, taxes, assessments and insurance premiums.

(b) The reserve account is solely for the protection of Beneficiary. Beneficiary shall have no responsibility except to credit properly the sums actually received by it. No interest will be paid on the funds in the reserve account and Beneficiary shall have no obligation to deposit the funds in an interest-bearing account. Upon assignment of this Deed of Trust by Beneficiary, any funds in the reserve account shall be turned over to the assignee and any responsibility of Beneficiary with respect thereto shall terminate. Each transfer of the Property shall automatically transfer to the grantee all rights of Grantor to any funds in the reserve account.

{19811/001/01309932-3}    DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING
PAGE 7

(c) If the total of the payments to the reserve exceeds the amount of payments actually made by Beneficiary, plus such amounts as have been reasonably accumulated in the reserve account toward payments to become due, such excess may, at Beneficiary's election, be (1) credited by Beneficiary against sums then due and payable under the Loan Documents, or (2) refunded to Grantor as its name appears on the records of Beneficiary. If, however, the reserve account does not have sufficient funds to make the payments when they become due, Grantor shall pay to Beneficiary the amount necessary to make up the deficiency within 30 days after written notice to Grantor. If this Deed of Trust is foreclosed or if Beneficiary otherwise acquires the Collateral, the Beneficiary shall, at the time of commencement of the proceedings or at the time the Collateral is otherwise acquired, apply the remaining funds in the reserve account, less such sums as will become due during the pendency of the proceedings, against the sums due under the Loan Documents and/or to make payments required under the Loan Documents.

(d) Grantor shall not be required to pay monthly reserve account payments so long as there has been no late payments under the Note throughout the term of the Loan and there is no other default under the Loan and so long as Grantor remains in ownership of the Collateral, provided receipted bills evidencing the payment of all taxes and/or assessments and insurance premiums are exhibited to Beneficiary within five business days after Beneficiary's request therefor. Upon any change in any of these conditions, Beneficiary may, at its option then or thereafter exercised, require the payment of reserves pursuant to this Section 15.

16. Repayment of beneficiary's expenditures. Grantor shall pay within 30 days after written notice from Beneficiary all sums expended by Beneficiary and all costs and expenses incurred by Beneficiary in taking any actions pursuant to the Loan Documents including attorneys' fees, accountants' fees, appraisal and inspection fees, and the costs for title reports. If any laws or regulations are passed subsequent to the date of this Deed of Trust which require Beneficiary to incur out-of-pocket expenses in order to maintain, modify, extend or foreclose this Deed of Trust, revise the terms of the Loan or any of the Secured Obligations, or consent to an Accelerating Transfer (as defined in Section 17 below), Grantor shall reimburse Beneficiary for such expenses within 30 days after written notice from Beneficiary. Expenditures by Beneficiary shall bear interest from the date of such advance or expenditure at the default interest rate in the Note, shall constitute advances made under this Deed of Trust and shall be secured by and have the same priority as the lien of this Deed of Trust. If Grantor fails to pay any such expenditures, costs and expenses and interest thereon, Beneficiary may, at its option, without foreclosing the lien of this Deed of Trust, commence an independent action against Grantor for the recovery of the expenditures and/or advance any undisbursed Loan proceeds to pay the expenditures.

17. Accelerating transfers.

(a) "Accelerating Transfer" means any sale, contract to sell, conveyance, encumbrance, transfer of full possessory rights, or other transfer, of all or any part of the Collateral or any interest in it, whether voluntary, involuntary, by operation of law or otherwise and whether or not for record or for consideration excluding, however, leases or subleases.

(b) Grantor acknowledges Beneficiary is taking actions in reliance on the expertise, skill, experience and reliability of Grantor, and the obligations secured hereby include material elements similar in nature to a personal service contract or ownership interest. In consideration of Beneficiary's reliance, Grantor agrees that Grantor shall not make any Accelerating Transfer without Beneficiary's prior written consent, which Beneficiary may withhold in its sole discretion. If Beneficiary consents, it may charge the Grantor a fee as consideration for such consent and condition its consent on such changes to the terms and conditions of the Note and other Loan Documents as Beneficiary may require, including without limitation increasing the interest rate on the Note. Grantor shall pay Beneficiary's actual costs incurred in making its decision to consent to an Accelerating Transfer, including but not limited to the cost of credit reports, an updated appraisal of the Property, an updated environmental assessment and documentation. If any Accelerating Transfer occurs without Beneficiary's prior written consent, Beneficiary in its sole discretion may declare an immediate default and all sums secured by this Deed of Trust to be immediately due and payable, and Beneficiary may invoke any rights and remedies provided herein. This provision shall apply to each and every Accelerating Transfer regardless of whether or not Beneficiary has consented or waived its rights, whether by action or non-action, in connection with any previous Accelerating Transfer(s).

{19811/001/01309932-3}      DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING
PAGE 8

Case 23-11190-MLB     Doc 7-4     Filed 08/02/23     Ent. 08/02/23 13:36:57     Pg. 9 of 17

(c) If all or any part of this Section 17 relevant to a particular Accelerating Transfer is unenforceable according to the law in effect at the time of the Accelerating Transfer, then Grantor shall reimburse Beneficiary for its actual costs incurred in processing the Accelerating Transfer on its records, including but not limited to the cost of modifications of Loan Documents, an appraisal, and obtaining relevant credit and financial information.

18. Release of parties or collateral. Without affecting the obligations of any party under the Loan Documents and without affecting the lien of this Deed of Trust and Beneficiary's security interest in the Collateral, Beneficiary and/or Trustee may, without notice (a) release all or any Grantor and/or any other party now or hereafter liable for any of the Secured Obligations (including guarantors), (b) release all or any part of the Collateral, (c) subordinate the lien of this Deed of Trust or Beneficiary's security interest in the Collateral, (d) take and/or release any other security for or guarantees of the Secured Obligations, (e) grant an extension of time for performance of the Secured Obligations, (f) modify, waive, forbear, delay or fail to enforce any of the Secured Obligations, (g) sell or otherwise realize on any other security or guaranty prior to, contemporaneously with or subsequent to a sale of all or any part of the Collateral, (h) make advances pursuant to the Loan Documents including advances in excess of the Note amount, (i) consent to the making of any map or plat of the Property, and (j) join in the grant of any easement on the Property. Any subordinate lienholder shall be subject to all such releases, extensions or modifications without notice to or consent from the subordinate lienholder. Grantor shall pay any Trustee's, attorneys', title insurance, recording, inspection or other fees or expenses incurred in connection with release of Collateral, the making of a map, plat or the grant of an easement.

## ARTICLE III.

1. Insurance.

(a) Grantor shall maintain such insurance on the Collateral as may be required from time to time by Beneficiary, with premiums prepaid, providing replacement cost coverage and insuring against loss by fire and such other risks covered by "all risk" coverage insurance, and such other perils and risks as Beneficiary may require from time to time, including earthquake, loss of rents and business interruption. Grantor also shall maintain commercial general public liability insurance and if the Property is located in a designated flood hazard area, flood insurance. All insurance shall be with companies satisfactory to Beneficiary and in such amounts and with such coverages as Beneficiary may require from time to time, with lender's loss payable clauses in favor of and in form satisfactory to Beneficiary, shall name Beneficiary as an additional insured and include without limitation "course of construction" and "builder's risk" coverage for the course of renovation of the improvements to the Real Property. The property insurance shall have a coverage amount no less than the Loan amount or full replacement cost, whichever is higher. The commercial general public liability insurance shall have coverage amounts of not less than $1,000,000 per occurrence and $2,000,000 in the aggregate. At least thirty (30) days prior to the expiration of the term of any insurance policy, Grantor shall furnish Beneficiary with written evidence of renewal or issuance of a satisfactory replacement policy. If requested Grantor shall deliver copies of all polices to Beneficiary. Each policy of insurance shall provide Beneficiary with no less than forty-five (45) days prior written notice of any cancellation, expiration, non-renewal or modification.

(b) In the event of foreclosure of this Deed of Trust all interest of Grantor in any insurance policies pertaining to the Collateral and in any claims against the policies and in any proceeds due under the policies shall pass to Beneficiary.

(c) If under the terms of any Lease the lessee is required to maintain insurance of the type required by the Loan Documents and if the insurance is maintained for the benefit of both the lessor and Beneficiary, Beneficiary will accept such policies provided all of the requirements of Beneficiary and the Loan Documents are met. In the event the lessee fails to maintain such insurance, Grantor shall promptly obtain such policies as are required by the Loan Documents.

(d) If Grantor fails to maintain any insurance required of it by Beneficiary, or fails to pay any premiums with respect to such insurance, Beneficiary may obtain such replacement insurance as it deems necessary or desirable, or pay the necessary premium on behalf of Grantor, and any sums expended by Beneficiary in so doing shall be added to the principal balance of the Note and bear interest at the default interest rate set forth in the Note.

{19811/001/01309932-3}      DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING
PAGE 9

Case 23-11190-MLB    Doc 7-4    Filed 08/02/23    Ent. 08/02/23 13:36:57    Pg. 10 of 17

(e) Grantor waives any and all right to claim or recover against Beneficiary, its officers, agents, employees, agents and representatives, for loss of or damage to Grantor, the Property or the property of others under Grantor's control from any cause insured against or required to be insured against by the provisions of this Deed of Trust.

2. Damages and condemnation and insurance proceeds.

(a) Grantor hereby absolutely and irrevocably assigns to Beneficiary, and authorizes the payor to pay to Beneficiary, the following claims, causes of action, awards, payments and rights to payment:(i) all awards of damages and all other compensation payable directly or indirectly because of a condemnation, proposed condemnation or taking for public or private use which affects all or part of the Collateral or any interest in it; (ii) all other awards, claims and causes of action, arising out of any warranty affecting all or any part of the Collateral, or for damage or injury to or decrease in value of all or part of the Collateral or any interest in it; (iii) all proceeds of any insurance policies payable because of loss sustained to all or part of the Collateral; and (iv) all interest which may accrue on any of the foregoing.

(b) Grantor shall immediately notify Beneficiary in writing if: (i) any damage occurs or any injury or loss is sustained in the amount of $50,000 or more to all or part of the Collateral, or any action or proceeding relating to any such damage, injury or loss is commenced; or (ii) any offer is made, or any action or proceeding is commenced, which relates to any actual or proposed condemnation or taking of all or part of the Collateral. If Beneficiary chooses to do so, it may in its own name appear in or prosecute any action or proceeding to enforce any cause of action based on warranty, or for damage, injury or loss to all or part of the Collateral, and it may make any compromise or settlement of the action or proceeding. Beneficiary, if it so chooses, may participate in any action or proceeding relating to condemnation or taking of all or part of the Collateral, and may join Grantor in adjusting any loss covered by insurance.

(c) All proceeds of these assigned claims, other property and rights which Grantor may receive or be entitled to shall be paid to Beneficiary. In each instance, Beneficiary shall apply those proceeds first toward reimbursement of all of Beneficiary's costs and expenses of recovering the proceeds, including attorneys' fees.

(d) If, in any instance, each and all of the following conditions are satisfied in Beneficiary's reasonable judgment, Beneficiary shall permit Grantor to use the balance of the proceeds ("Net Claims Proceeds") to pay costs of repairing or reconstructing the Collateral in the manner described below:(i) the plans and specifications, cost breakdown, renovation contract, renovation schedule and payment and performance bond for the work of repair or reconstruction must all be acceptable to Beneficiary; (ii) Beneficiary must receive evidence satisfactory to it that after repair or reconstruction, the Collateral will be at least as valuable as it was immediately before the damage or condemnation occurred; (iii) the Net Claims Proceeds must be sufficient in Beneficiary's determination to pay for the total cost of repair or reconstruction, including all associated development costs and interest projected to be payable on the Note until the repair or reconstruction is complete; or Grantor must provide its own funds in an amount equal to the difference between the Net Claims Proceeds and a reasonable estimate, made by Grantor and found acceptable by Beneficiary, of the total cost of repair or reconstruction; (iv) Beneficiary must receive evidence satisfactory to it that all Leases which it may find acceptable will continue after the repair or reconstruction is complete; (v) Beneficiary has received evidence satisfactory to it, that reconstruction and/or repair can be completed at least three (3) months prior to the date the Note secured by this Deed of Trust is due and payable; and (vi) no default under this Deed of Trust or any of the other Loan Documents shall have occurred and be continuing. If the foregoing conditions are met to Beneficiary's satisfaction, Beneficiary shall hold the Net Claims Proceeds and any funds which Grantor is required to provide and shall disburse them to Grantor to pay costs of repair or reconstruction upon presentation of evidence reasonably satisfactory to Beneficiary that repair or reconstruction has been completed satisfactorily and lien-free. However, if Beneficiary finds that one or more of the conditions are not satisfied, it may apply the Net Claims Proceeds to pay or prepay some or all of the Note.

ARTICLE IV.

1. Default-remedies.

{19811/001/01309932-3}      DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING
PAGE 10

(a) Grantor will be in default under this Deed of Trust upon the occurrence of any one or more of the following events: (i) any payment is not made within five days after it is due under the Note or any other Secured Obligation, this Deed of Trust or any other Loan Document; (ii) there is a default under, a breach of, or failure to perform any other covenant, agreement or obligation to be performed under the Note or any other Secured Obligation, this Deed of Trust or any other Loan Document, or under any guaranty of all or any part of the Secured Obligations; (iii) any representation or warranty contained in this Deed of Trust or any other Loan Document, or any financial information furnished to Beneficiary in connection with the Loan, proves to be false or misleading in any material respect, whether or not true when made, and as a result Beneficiary reasonably believes that Grantor's financial condition or Grantor's ability to pay its debts as they become due will thereby be materially impaired; (iv) Grantor defaults under any lease or other contract or agreement relating to the collateral, and such default is not cured within the applicable cure period, if any; (v) Grantor, any maker of the Note if different from Grantor, or any guarantor of the Loan fails to pay his, her or its debts generally as they become due, or files a petition or action for relief under any bankruptcy, reorganization or insolvency laws or makes an assignment for the benefit of creditors; or (vi) an involuntary petition is filed against Grantor, any maker of the Note if different from Grantor, or any guarantor of the Loan under any bankruptcy, reorganization or other insolvency laws, or a custodian, receiver or trustee is appointed to take, possession, custody or control of the Collateral or any other properties or assets of Grantor, of any maker of the Note if different from Grantor, or of any guarantor of the Loan, and such petition or appointment is not set aside, withdrawn or dismissed within 30 days from the date of filing or appointment.

(b) In the event of a default Beneficiary may declare the Secured Obligations, without limitation, the Loan and all other indebtedness evidenced by the Note or any other Loan Document, immediately due and payable after notice as set forth in Section 2 below, and/or exercise its rights and remedies under the Loan Documents and applicable law including, without limitation, foreclosure of this Deed of Trust judicially as a mortgage or non-judicially pursuant to the power of sale. Beneficiary's exercise of any of its rights and remedies shall not constitute a waiver or cure of a default. Beneficiary's failure to enforce any of its remedies in the event of a default shall not constitute a waiver of the default or any subsequent default of its rights and remedies with respect to such default. In the event of foreclosure, the cost of the title premium for the trustee's sale guaranty (or equivalent title policy or report) shall be paid for by Grantor and shall be added to and be a part of the Secured Obligations. If this Deed of Trust or any of the other Loan Documents are referred to an attorney for enforcement or for preservation of Beneficiary's rights or remedies, and whether or not suit is filed or any proceedings are commenced, all of Beneficiary's costs and expenses incurred in connection therewith including, without limitation, Trustee's and attorneys' fees (including attorneys' fees for any appeal, bankruptcy proceeding or any other proceeding), accountants' fees, appraisal and internal appraisal review fees, inspection fees (including inspections for hazardous substances, asbestos containing materials, and compliance with building and land use codes and regulations), engineering fees, and expert witness fees and costs of title reports shall be added to and be a part of the Secured Obligations and shall be payable on demand.

2. <u>Notice and opportunity to cure.</u> Notwithstanding any other provision of this Deed of Trust, Beneficiary shall not accelerate the maturity of one or more of the Secured Obligations (a) because of a monetary default (defined below) unless the default is not cured within five days of the date on which Beneficiary mails or delivers written notice of the default to Grantor, or (b) because of a nonmonetary default (defined below) unless the nonmonetary default is not cured within 30 days of the date on which Beneficiary mails or delivers written notice of the default to Grantor. For purposes of this Deed of Trust, the term "monetary default" means a failure by Grantor to make any payment required of it pursuant to the Note or any other Loan Document, and the term "nonmonetary default" means a failure by Grantor or any other person or entity to perform any obligation contained in the Note or any other Loan Document, other than the obligation to make payments provided for in the Note or any other Loan Document. If a nonmonetary default is capable of being cured and the cure cannot reasonably be completed within the 30 day cure period, the cure period shall be extended by up to 60 additional days so long as Grantor has commenced action to cure within the 30-day cure period, and in Beneficiary's opinion, Grantor is proceeding to cure the default with due diligence. None of the foregoing shall be construed to obligate Beneficiary to forebear in any other manner from exercising its remedies and Beneficiary may pursue any other rights or remedies which Beneficiary may have because of a default.

3. <u>Cumulative remedies.</u> To the fullest extent allowed by law, all of Beneficiary's and Trustee's rights and remedies specified in the Loan Documents (including this Deed of Trust) are cumulative, not

{19811/001/01309932-3}     DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING
PAGE 11

Case 23-11190-MLB     Doc 7-4     Filed 08/02/23     Ent. 08/02/23 13:36:57     Pg. 12 of 17

mutually exclusive and not in substitution for any rights or remedies available at law or in equity. Without waiving its rights in the Collateral, Beneficiary may proceed against Grantor, any other party obligated to pay or perform the Secured Obligations or against any other security or guaranty for the Secured Obligations, in such order or manner as Beneficiary may elect. Except where prohibited by applicable law, the commencement of proceedings to enforce a particular remedy shall not preclude the commencement of other proceedings to enforce a different remedy.

4. Entry. After an uncured default, and subject to the Notice and Opportunity to Cure provisions above, Beneficiary, in person, by agent or by court appointed receiver, may enter, take possession of, manage and operate all or any part of the Collateral, and may also do any and all other things in connection with those actions that Beneficiary may consider necessary and appropriate to protect the security of this Deed of Trust, including taking and possessing all of Grantor's or the then owner's books and records; entering into, enforcing, modifying, or canceling Leases on such terms and conditions as Beneficiary may consider proper; obtaining and evicting tenants; fixing or modifying Rents; collecting and receiving any payment of money owing to Grantor; completing any unfinished renovation; and/or contracting for and making repairs and alterations. Grantor hereby irrevocably constitutes and appoints Beneficiary as its attorney-in-fact to perform such acts and execute such documents as Beneficiary in its sole discretion may consider to be appropriate in connection with taking these measures. Although the foregoing power of attorney is effective immediately, Beneficiary shall not exercise the power until the occurrence of a default.

5. Appointment of receiver. In the event of a default, Grantor consents to, and Beneficiary, to the fullest extent permitted by applicable law, shall be entitled, without notice, bond or regard to the adequacy of the Collateral, to the appointment of a receiver for the Collateral. The receiver shall have, in addition to all the rights and powers customarily given to and exercised by a receiver, all the rights and powers granted to Beneficiary by the Loan Documents. The receiver shall be entitled to receive a reasonable fee for management of the Property. If Grantor is an occupant of the Property, Beneficiary has the right to require Grantor to pay rent at fair market rates and the right to remove Grantor from Property if Grantor fails to pay rent.

6. Sale of property after default. Following a default and the foreclosure of this Deed of Trust, either judicially or non-judicially, the Collateral may be sold separately or as a whole, at the option of Beneficiary. In the event of a trustee's sale of the Collateral pursuant to the power of sale granted herein, Beneficiary hereby assigns its security interest in the personal property Collateral to the trustee. Beneficiary may also realize on the personal property Collateral in accordance with the remedies available to secured parties under the Uniform Commercial Code or at law. In the event of a trustee's sale, Grantor, and the holder of any subordinate liens or security interest with actual or constructive notice hereof, waive any equitable, statutory or other right they may have to require marshaling of assets in connection with the exercises of any of the remedies permitted by applicable law or provided herein, or to direct the order in which any of the Collateral will be sold in the event of any sale under this Deed of Trust or foreclosure in the inverse order of alienation.

7. Foreclosure of lessee's rights-subordination. Beneficiary shall have the right, at its option, to foreclose this Deed of Trust subject to the rights of any lessees of the Property. Beneficiary's failure to foreclose against any lessee shall not be asserted as a claim against Beneficiary or as a defense against any claim by Beneficiary in any action or proceeding. Beneficiary at any time may subordinate this Deed of Trust to any or all of the Leases except that Beneficiary shall retain its priority claim to any condemnation or insurance proceeds.

8. Repairs during redemption. In the event of a judicial foreclosure the purchaser during any redemption period may make such repairs and alterations to the Property as may be reasonably necessary for the proper operation, care, preservation, protection and insuring of the Property. Any sums so paid, together with interest from the date of the expenditure at the rate provided in the judgment, shall be added to the amount required to be paid for redemption of the Property.

ARTICLE V.

1. Additional security documents. Grantor shall within five business days after request by Beneficiary execute and deliver any financing statement, renewal, affidavit, certificate, continuation statement, or other document Beneficiary may request in order to perfect, preserve, continue, extend, or

{19811/001/01309932-3}      DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING
PAGE 12

Case 23-11190-MLB    Doc 7-4    Filed 08/02/23    Ent. 08/02/23 13:36:57    Pg. 13 of 17

maintain security interests or liens granted herein to Beneficiary and the priority of such security interests or liens. Grantor shall pay all costs and expenses incurred by Beneficiary in connection with the preparation, execution, recording, filing, and refiling of any such document.

2. Reconveyance after payment. Upon written request of Beneficiary stating that all obligations secured by this Deed of Trust have been paid, Trustee shall reconvey, without warranty, the Collateral then subject to the lien of this Deed of Trust. Grantor shall pay any costs, trustee's fees and recording fees incurred in so reconveying the Property.

3. Nonwaiver of terms and conditions. Time is of the essence with respect to performance of the obligations under the Loan Documents. Beneficiary's failure to require prompt enforcement of any such obligation shall not constitute a waiver of the obligation or any subsequent required performance of the obligation. No term or condition of this Deed of Trust or any other Loan Documents may be waived, modified or amended except by a written agreement signed by Grantor and Beneficiary. Any waiver of any term or condition of the Loan Documents shall apply only to the time and occasion specified in the waiver and shall not constitute a waiver of the term or condition at any subsequent time or occasion.

4. Waivers by grantor. Without affecting any of Grantor's obligations under the Loan Documents, Grantor waives the following: (a) any right to require Beneficiary to proceed against any specific party liable for sums due under the Loan Documents or to proceed against or exhaust any specific security for sums due under the Loan Documents; (b) notice of new or additional indebtedness of any Grantor or any other party liable for sums due under the Loan Documents to Beneficiary; (c) any defense arising out of Beneficiary entering into additional financing or other arrangements with any Grantor or any other party liable for sums due under the Loan Documents and any action taken by Beneficiary in connection with any such financing or other arrangements or any pending financing or other arrangements; (d) any defense arising out of the absence, impairment, or loss of any or all rights of recourse, reimbursement, contribution or subrogation or any other rights or remedies of Beneficiary against any Grantor or any other party liable for sums due under the Loan Documents or any Collateral; and (e) any obligation of Beneficiary to see to the proper use and application of any proceeds advanced pursuant to the Loan Documents; and (f) any rights of set off or recoupment against any sum secured hereunder and payable by Grantor.

5. Right of subrogation. Beneficiary is subrogated to the rights, whether legal or equitable, of all beneficiaries, mortgagees, lienholders and owners directly or indirectly paid off or satisfied in whole or in part by any proceeds advanced by Beneficiary under the Loan Documents, regardless of whether such parties assigned or released of record their rights or liens upon payment.

6. Joint and several liability. If there is more than one Grantor of this Deed of Trust, their obligations shall be joint and several.

7. Statement of amount owing. Grantor within ten days after request by Beneficiary will furnish Beneficiary a written statement of the amount due under the Loan Documents, any offsets or defenses against the amount claimed by Grantor, and such other factual matters as Beneficiary may reasonably request.

8. Books and records; financial statements. Grantor will keep and maintain, at Grantor's address stated above, or such other place as Beneficiary may approve in writing, accurate books and records of the operations of Grantor and of the Property, and copies of all leases, contracts, agreements and other documents which affect the operation of the Property, subject to examination and copying at any reasonable time by Beneficiary.

9. Appraisals. In the event of a default Beneficiary may obtain a current regulatory conforming appraisal of the Collateral. In addition, appraisals may be commissioned by Beneficiary when required by laws and regulations which govern Beneficiary's lending practices. The cost of all such appraisals (and related internal review fees and costs) will be paid by Grantor within 30 days after request by Beneficiary.

10. Evasion of prepayment fee. If Grantor is in default, whether Beneficiary has accelerated the maturity of the indebtedness or not, any tender of payment sufficient to satisfy all sums due under the Loan Documents made at any time prior to foreclosure sale shall constitute an evasion of the prepayment

{19811/001/01309932-3}     DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING
PAGE 13

terms of the Note, if any, and shall be deemed a voluntary prepayment. Any such payment, to the extent permitted by law, shall include the additional payment required under the prepayment fee provision in the Note, if any, or if at that time prepayment is not permitted, then such payment, to the extent permitted by law, will include an additional payment of five percent (5%) of the then principal balance.

11. Payment of new taxes. If any federal, state or local law is passed subsequent to the date of this Deed of Trust which requires Beneficiary to pay any tax because of this Deed of Trust or the sums due under the Loan Documents (excluding income taxes), then Grantor shall pay to Beneficiary on demand any such taxes if it is lawful for Grantor to pay them, or, in the alternative Grantor may repay all sums due under the Loan Documents plus any prepayment fee within 30 days of such demand. If it is not lawful for Grantor to pay such taxes, then at its option Beneficiary may declare a default under the Loan Documents.

12. In-house counsel fees. Whenever Grantor is obligated to pay or reimburse Beneficiary or Trustee for any attorneys' fees, those fees shall include the allocated costs for services of in-house counsel.

13. Notices. Any notice given by Grantor, Trustee or Beneficiary shall be in writing and shall be effective (1) on personal delivery to the party receiving the notice or (2) on the third day after deposit in the United States mail, postage prepaid with return receipt requested, addressed to the party at the address set forth above (or such other address as a party may specify by written notice given pursuant to this paragraph), or with respect to the Grantor, to the address at which Beneficiary customarily or last communicated with Grantor. With respect to any Grantor which is a partnership, the giving of notice to the partnership at the address herein for the partnership shall constitute the giving of notice to each general partner of the partnership.

14. Indemnification. If Beneficiary is made a party defendant to any litigation concerning this Deed of Trust or the Property or any part thereof or interest therein, then Grantor shall indemnify, defend, and hold Beneficiary harmless from all liability, loss, cost or damage by reason of said litigation, including reasonable attorneys fees and expenses incurred by Beneficiary in any such litigation, whether or not any such litigation is prosecuted to judgment.

15. Controlling document. In the event of a conflict or inconsistency between the terms and conditions of this Deed of Trust and the terms and conditions of any other of the Loan Documents (except for any separate assignment of the Rents and/or the Leases and any loan agreement which shall prevail over this Deed of Trust), the terms and conditions of this Deed of Trust shall prevail.

16. Invalidity of terms and conditions. If any term or condition of this Deed of Trust is found to be invalid, the invalidity shall not affect any other term or condition of the Deed of Trust and the Deed of Trust shall be construed as if not containing the invalid term or condition.

17. Rules of construction. This Deed of Trust shall be construed so that, whenever applicable, the use of the singular shall include the plural, the use of the plural shall include the singular, and the use of any gender shall be applicable to all genders and shall include corporations, partnerships, limited partnerships, limited liability companies and other forms of entities. This Deed of Trust inures to the benefit of, and binds all parties named herein and their successors and assigns. The headings to the various sections have been inserted for convenience of reference only and shall not be used to construe this Deed of Trust.

18. Applicable law. The Loan Documents shall be governed by and construed in accordance with the laws of the State of Washington.

WASHINGTON NOTICE: ORAL AGREEMENTS OR ORAL COMMITMENTS TO: (1) LOAN MONEY, (2) TO EXTEND CREDIT, (3) MODIFY OR AMEND ANY TERMS OF THE LOAN DOCUMENTS, (4) RELEASE ANY GUARANTOR, (5) FORBEAR FROM ENFORCING REPAYMENT OF THE LOAN OR THE EXERCISE OF ANY REMEDY UNDER THE LOAN DOCUMENTS, OR (6) MAKE ANY OTHER FINANCIAL ACCOMMODATION PERTAINING TO THE LOAN ARE ALL UNENFORCEABLE UNDER WASHINGTON LAW.

GRANTOR:

{19811/001/01309932-3}      DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING
PAGE 14

Case 23-11190-MLB    Doc 7-4    Filed 08/02/23    Ent. 08/02/23 13:36:57    Pg. 15 of 17

Commodity Properties LLC,
a Washington limited liability company

By: _____
  Solomon Simone
Its: _CEO/Managing member____

STATE OF WASHINGTON          )
                             ) ss.
COUNTY OF KING               )

    I certify that I know or have satisfactory evidence that Solomon Simone is the person who appeared before me, and said person acknowledged that he signed this instrument, on oath stated that he was authorized to execute the instrument and acknowledged it as the _Member_ of Commodity Properties LLC to be the free and voluntary act of such party for the uses and purposes stated therein.

    Dated _____February 13, 2017_____.

[Notary Stamp:
MICA RABCHUK
NOTARY PUBLIC
STATE OF WASHINGTON
My Commission Expires January 4, 2021]

Notarial Stamp/Seal

Name: _Mica Rabchuk_____
NOTARY PUBLIC, State of Washington
My appointment expires _Jan. 4, 2021_____

Unofficial Copy

{19811/001/01309932-3}    DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING
PAGE 15

### SCHEDULE A
### LEGAL DESCRIPTION

PARCEL D, CITY OF SEATTLE LOT LINE ADJUSTMENT NO. 3006266, RECORDED NOVEMBER 26, 2007 UNDER RECORDING NO. 20071126900011, IN KING COUNTY, WASHINGTON.

{19811/001/01309932-3}      DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING
PAGE 16

Case 23-11190-MLB    Doc 7-4    Filed 08/02/23    Ent. 08/02/23 13:36:57    Pg. 17 of 17